IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**TIMOTHY WAYNE WALLACE, #K3345**　　　　　　　　　　　　**PETITIONER**

v.　　　　　　　　　　　　　　　　　　　　　　　　No. 2:10-cv-00128-M-A

**EMITT SPARKMAN, et al.**　　　　　　　　　　　　　　　　**RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Timothy Wayne Wallace for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has answered the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

**Facts and Procedural Posture**

Timothy Wayne Wallace is currently in the custody of the Mississippi Department of Corrections and is housed at the Mississippi State Penitentiary in Parchman, Mississippi. He was convicted of two counts of sexual battery (Count I and Count II) in the Circuit Court of Tate County, Mississippi. Wallace was sentenced to serve a term of twenty years for Count I and twenty years for Count II to run consecutively with his sentence in Count I. State Court Record (Hereinafter, "SCR"), Vol. 1, p. 40-41.

Wallace appealed his convictions and sentences to the Mississippi Supreme Court, raising the following grounds for relief (as stated by Wallace through counsel):

　　I. Whether the trial court erred in denying Wallace's proposed jury
　　　　instruction D-3?

The Supreme Court of Mississippi affirmed Wallace's conviction and sentences. *Wallace v. State*, 10 So. 3d 913 (Miss. 2009).

Wallace then filed an Application for Leave to File Motion for Post-Conviction Relief in the Mississippi trial court, raising the following issues (as stated by Wallace *pro se*):

> I. The trial court did not establish guilt beyond a reasonable doubt.
>
> II. Ineffective assistance of counsel.
>
> III. Excessive sentence.
>
> IV. Multiple Counts charged where incidents were separate.
>
> V. Failure to establish proof of date of birth.

The Mississippi Supreme Court denied Wallace's Application for Leave to File Motion for Post-Conviction Relief, stating that the claim that evidence did not establish guilt beyond a reasonable doubt was procedurally barred and that the claim for ineffective assistance of counsel did not meet the *Strickland* test. *Wallace v. State*, No. 2009-M-01643 (Miss. Nov. 23, 2009) (order denying Application for Leave to File Motion for Post-Conviction Collateral Relief).

Wallace has now filed a Petition for Writ of *Habeas Corpus* in this Court, raising the following issues (as stated by Wallace *pro se*):

> I. The evidence presented at the jury trial did not establish guilt beyond reasonable doubt where there was no evidence to corroborate the testimony of [the victim].
>
> II. Wallace was subject to a denial of effective assistance of counsel where counsel failed to file a motion t[o] quash the indictment on basis that the indictment failed to set out a specific date within a one year margin, [thereby] removing a defense of alibi and failing to meet the requirements of the sexual battery statute when date and time would reflect on age of the defendant and the alleged victim under the provisions of MISS. CODE ANN. § 97-3-95 (1)(d).
>
> III. The sentence was excessive where trial court imposed consecutive twenty

year terms when alleged offenses involved same person and were charged to have occurred on same year and date.

*IV. The sentence was excessive where trial court imposed consecutive twenty year terms when alleged offenses involved same person and were charged to have occurred on same year and date.* [Emphasis added. This claim is identical to Claim III.]

V. The indictment was illegal where it was charged under multiple counts when trial testimony demonstrated offenses occurred on separate dates and months apart at different locations.

VI. The evidence at trial failed to establish proof [of] date of birth of the defendant or [the victim] and therefore failed to meet the requirements of MISS. CODE ANN. § 97-3-95 (1)(d).

## PROCEDURAL BAR

On Application for Leave to File Post-Conviction Relief, the Mississippi Supreme Court found that Grounds One and Six were procedurally barred. The Mississippi Supreme Court held, with regard to Grounds One and Six, that "Wallace's claim that the evidence did not support the conviction could have been raised in prior proceedings and is barred here." *Wallace v. State*, No. 2009-M-01643 (Miss. Nov. 23, 2009) (order denying Application for Leave to File Motion for Post-Conviction Collateral Relief). As such, the appellate court found that the issues were procedurally barred from review and denied Wallace's Application for Leave to file Post-Conviction Relief in the trial court.

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal *habeas* is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001), *citing Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995). Failing to properly raise an issue on appeal constitutes waiver and is thus a procedural bar. MISS. CODE ANN. § 99-39-21(1) (2013); *see also Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) ("[Section] 99-39-21(1) does contain an independent state procedural bar.") A state procedural bar is "adequate" when it has been "strictly or regularly applied." *Id.* (other citations omitted). In order to prevail on this claim, the petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his direct appeal," and he "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id.* (other citations omitted). Wallace has not shown inconsistent application of the bar, and has, therefore, defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule.

Federal courts may, however, conduct *habeas corpus* review of a case that has been procedurally barred if the petitioner can demonstrate cause for his default and actual prejudice arising from applying it. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Cause that will suffice to excuse procedural default "must be something external to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753 (emphasis in original). Wallace has shown neither cause for his default nor prejudice arising from its application.

Finally, the failure of this Court to consider Wallace's claims will not result in a fundamental

4

miscarriage of justice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996). The "fundamental miscarriage of justice exception is confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction,'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To show that he is actually innocent, the petitioner must support his allegations with new reliable evidence which was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (other citations omitted). Wallace has not presented any such evidence and thus cannot rely on this exception to overcome the procedural bar in this case.

Therefore, the court will dismiss the allegations contained in Grounds One and Six of the instant petition as procedurally barred.

## GROUNDS REVIEWED ON THE MERITS IN STATE COURT

The Mississippi Supreme Court has already considered Grounds Two, Three/Four, and Five on the merits and decided those issues against the petitioner by denying his Application for Leave to File Motion for Post-Conviction Relief in the trial courts. Thus, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding.

*Id*. (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 56 (5th Cir. 1997). Since the petitioner's claims challenge mixed questions of law and fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas corpus* review if its prior adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254 (d)(1) (2013) (emphasis added). A state court's decision is contrary to federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an unreasonable application of federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to the facts of the prisoner's case; this application of law to facts must be objectively unreasonable. *Id*. at 409, 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. As such, the exception in subsection (d)(1) does not apply to Grounds Two, Three/Four, and Five of the petitioner's claim.

Nevertheless, under § 2254 (d)(2) these grounds may still merit review if the facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the Mississippi Supreme Court is presumed to have determined the facts

reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254 (d), which bars from *habeas corpus* review issues already decided on the merits.

### GROUND TWO – DENIAL OF MOTION FOR LEAVE TO FILE APPLICATION FOR PCR AS TO THE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

In Ground Two, Wallace argues that he was improperly denied the effective assistance of counsel when his attorney failed to file a motion to quash the indictment because the State did not establish a specific date of the offense. A substantive element of the crime of Wallace's conviction was that the victim be under the age of fourteen. The allegations placed the time of the incidents very close to the victim's fourteenth birthday, which fell on January 23, 2003. In its original indictment, the State alleged that the incidents occurred between January 1, 2003, to December 31, 2003 – a time frame during which the victim was under the age of fourteen for only 22 days. On the day of trial, however, the State sought an amendment to the indictment stating that the incidents occurred between January 1, 2002, to December 31, 2002. Based upon the original indictment, to secure a conviction, the State would have been required to prove that the incidents occurred some time between January 1, 2003, and January 22, 2003, inclusive – a narrow window in a case where there was little evidence to pin down the precise dates of the allegations.

Under Mississippi law, an indictment can be amended to reflect the correct date, *Jones v. State*, 86 So.3d 931 (Miss.App.2011). However, a change in the indictment is permissible if it

7

does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case. *Shelby v. State,* 246 So.2d 543, 545 (Miss.1971).

> The well-established test in [Mississippi] for determining whether the defendant is prejudiced by the amendment depends on whether a defense under the original indictment would be equally available under the amended indictment. Furthermore, the court must determine whether the evidence the defendant plans to present would be equally applicable to the amended indictment. If both the defense and the evidence remain unhindered after amending the indictment, then the amendment is considered to be an amendment of form rather than substance.

*Givens v. State*, 730 So.2d 81 (Miss.App.1998) (internal citations omitted).

Though the age of the victim is an element of the crime charged, the amendment to the indictment was one of form, not of substance. As the indictment originally stood, Wallace could have raised the defense that the victim was above fourteen years of age during most of the time period set forth in the indictment. Under the amended indictment (which included only dates during which the victim was under fourteen), that defense was still available, though the State had a much longer relevant time period to work with. Wallace could – and did – argue that the events took place after the victim's fourteenth birthday, but the jury found otherwise.

In the end, however, state courts make the final determination regarding the sufficiency of an indictment, except in very narrow circumstances. Generally, federal courts "will consider the sufficiency of the indictment as a basis for *habeas* relief if the mistake in the indictment is so fatally defective that it deprives the convicting court of jurisdiction." *Riley v. Cockrell*, 339 F.3d 308, 313-14 (5th Cir. 2003); *see also McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). The claims in this petition simply do not reach that level.

In order to prove ineffective assistance of counsel, the petitioner must show that counsel's

8

performance was constitutionally deficient and that, as a result, the defendant's ability to present a defense was prejudiced, depriving the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668 (1984); see also *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). If a petitioner fails to prove both elements of the *Strickland* test, the claim for ineffective assistance of counsel must be dismissed. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998), *citing Ellis v. Lynaugh*, 873 F.2d 830, 839 (5th Cir.), cert denied 493 U.S. 970, 110 S.Ct. 419, 107 L.Ed.2d 384 (1989).

It is true that Wallace's defense attorney did not seek to quash the indictment with the 2003 dates, but he did argue vigorously against amending the indictment to include the earlier dates. He presented the issue to the trial court in a hearing on the day of trial (and *after* the jury was empaneled and jeopardy attached), but the court rejected the argument. The Mississippi Supreme Court then considered this issue in Wallace's Application for Leave to File Motion for Post-Conviction Collateral Relief. The Mississippi Supreme Court held that "the claims of ineffective assistance of counsel do not meet the standard set out in *Strickland v. Washington*." *Wallace v. State*, No. 2009-M-01643 (Miss. Nov. 23, 2009) (order denying Application for Leave to File Motion for Post-Conviction Relief). Counsel's decision not to seek to quash the indictment was a rational one. Under Mississippi law, the State could simply have sought to amend the indictment to be clearer about the relevant time period, and such motions are routinely granted. In addition, the original indictment was so narrow that, had it been used at trial, it would actually have aided in Wallace's defense, as the State had greatly narrowed the window of time in which it must prove the events occurred.

For these reasons, The decision of the Mississippi Supreme Court to deny Wallace's

9

claim of ineffective assistance of counsel on this issue was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence. Therefore, Wallace is not entitled to *habeas corpus* relief on Ground Two.

**GROUND THREE/FOUR – DENIAL OF MOTION FOR LEAVE
TO FILE APPLICATION FOR PCR AS TO THE
CLAIM OF EXCESSIVE SENTENCE**

In Grounds Three and Four, Wallace argues that his sentence was excessive because the trial court sentenced him to two consecutive twenty year terms when the alleged offense involved the same person and occurred on the same year and date. Wallace was convicted of two counts of sexual battery and received a twenty-year sentence for each conviction, with the sentences to run consecutively. SCR, Vol. 1, p. 40-41. The Mississippi Code provides that "[e]very person who shall be convicted of sexual battery under Section 97-3-95(1)(d) who is eighteen (18) years of age or older shall be imprisoned for life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years." MISS. CODE ANN. § 97-3-101 (3) (2013).

"[W]ide discretion is accorded [to] a state trial court's sentencing decision" and that in order to grant relief, the court must find that the "sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law." *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987). "If a sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, [ . . . ] or that an error of law resulted in the improper exercise of the

sentencer's discretion and thereby deprived the petitioner of his liberty." *Id*. at 924 (internal citations omitted). Furthermore, the United States Supreme Court has held that the "gross proportionality principle" applies to "sentences for terms of years" when determining excessive sentences under the Eighth Amendment for purposes of *habeas corpus* relief. *Lockyer v. Andrade*, 538 U.S. 63, 72, 123 S.Ct. 1166, 1173, 155 L.Ed.2d 144 (2003). The Supreme Court also noted that this application of the "gross proportionality principle" is "exceedingly rare" and would be available only in an "extreme case." *Id*. at 73, 1173. In this case, Wallace was sentenced within the statutory limits for the crimes of his conviction, and, considering the grave harm inflicted upon a child by a sexual assault, the trial judge's decision to impose consecutive sentences of twenty years did not violate the Eighth Amendment prohibition against cruel and unusual punishment.

In light of sentence requirements set forth in Section 97-3-101 (3) of the Mississippi Code, as well as the limits of the United States Constitution, Wallace has not shown that the sentences he received upon convictions of Count I and II are grossly disproportionate. Accordingly, the Mississippi Supreme Court's resolution of the issue in Grounds Three/Four was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Additionally, this sentence was within the statutory guidelines, and in fact, was the minimum required sentence for conviction of sexual battery. Thus, Wallace is not entitled to *habeas corpus* relief on Ground Three/Four.

## GROUND FIVE – DENIAL OF MOTION FOR LEAVE
## TO FILE APPLICATION FOR PCR AS TO THE
## CLAIM OF THE ILLEGALITY OF THE INDICTMENT

In Ground Five, Wallace challenges the legality of the indictment. The indictment charged Wallace with two counts (Count I and Count II) of sexual battery against M.W., a minor child who was under fourteen at the time the alleged crime occurred. The indictment was amended on the date the trial began to change some of the dates within the indictment─specifically, the dates on which the crime allegedly occurred. SCR, Vol. 2, p. 62-76. Wallace submits that this amendment to the indictment was one of substance, rather than form, and was done in error.

When an "indictment is sufficient under state law, a federal court need not address that issue." *Riley v. Cockrell*, 339 F.3d 308, 313-14 (5th Cir. 2003). Generally, federal courts "will consider the sufficiency of the indictment as a basis for *habeas* relief if the mistake in the indictment is so fatally defective that it deprives the convicting court of jurisdiction." *Id.*; *see also McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) ("The sufficiency of a state indictment is not a matter for federal *habeas* relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction.") In Wallace's Application for Leave to File Motion for Post-Conviction Relief, the Mississippi Supreme Court found that the claim for illegality of the indictment was without merit and denied his application. Thus, because the Mississippi Supreme Court has determined that the indictment was sufficient, this Court is precluded from granting *habeas corpus* relief on the indictment's sufficiency because the petitioner has not shown that the indictment was so defective as to deny the state court jurisdiction. He has not done so. In addition, as discussed above, the court holds that the

amendment to the indictment was one of form, not of substance.

As such, the Mississippi Supreme Court's rejection of this allegation was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence. Therefore, Wallace is not entitled to *habeas corpus* relief on Ground Five.

In sum, all of the Grounds for Relief in the instant petition are either procedurally barred or without substantive merit. As such, the instant petition for a writ of *habeas corpus* will be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

SO ORDERED, this the 26th day of September, 2013.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**